IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, SI, as subrogee of SUNG SOO KIM, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:22-cv-2943 |
| Plaintiff, | | JURY DEMAND |
| v. | | |
| CARDINAL GLASS INDUSTRIES, INC.; and FOUR SEASONS SOLAR PRODUCTS, LLC, | | |
| Defendants. | | |

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, American Family Mutual Insurance Company, SI, a/s/o Sung Soo Kim, by and through its undersigned counsel, Cozen O'Connor, and for its Complaint against Defendants, Cardinal Glass Industries, Inc. ("Cardinal") and Four Seasons Solar Products, LLC ("Four Seasons"), alleges with respect as follows:

## PARTIES

1. Plaintiff, American Family Mutual Insurance Company, SI ("AM FAM"), is a Wisconsin corporation with its principal place of business located at 6000 American Parkway, Madison, WI 53783. At all relevant times, AM FAM was authorized to issue insurance policies and transact business in the State of Illinois.

2. At all relevant times, Plaintiff's insured, Sung Soo Kim ("Kim"), was a resident of the State of Illinois who owned and resided at a single-family residence located at 701 Albany Lane, in Des Plaines Illinois 60016 (the "Premises").

3. Defendant, Cardinal Glass Industries, Inc. ("Cardinal"), is and has been at all relevant times a corporation duly organized, existing and domiciled under the laws of the State of Minnesota, with its principal place of business located in Eden Prairie, Minnesota.

4. Defendant, Four Seasons Solar Products, LLC ("Four Seasons"), is and has been at all relevant times a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located in Holbrook, New York.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendants are citizens of different States and the amount in controversy is in excess of $75,000.

6. Upon information and belief, Defendant Four Seasons is a limited liability company with two members, Robert Lohsen and Peter Allen, both of whom are residents of and domiciled in the State of New York.

7. Upon information and belief, there are no members of the Defendants Four Seasons limited liability company that are residents of or domiciled in the States of Illinois or Wisconsin.

8. Venue in this judicial district is proper inasmuch as the property that sustained damage complained of herein is located within this judicial district.

9. At all relevant times, Defendants conducted, and continue to conduct, a substantial amount of business activity and have committed a tort, in whole or in part, in this judicial district.

## GENERAL ALLEGATIONS

10. At all relevant times, Kim resided in the Premises.

11. On or about June 16, 2020, a fire occurred at the Premises that originated on the cedar shingle siding of the Premises (the "first fire").

12. On or about June 22, 2021, a second fire occurred at the Premises that originated on the cedar shingle siding of the Premises in the same location as the first fire (the "second fire").

13. The first and second fires were both caused by defective glass panels located on the angled roof of a sun room of the neighboring Property, 699 Albany Lane, in Des Plaines, Illinois 60016 (the "Neighboring Premises").

14. The defective glass was manufactured by Cardinal Glass sometime between 1996-2005 and was installed in a Four Seasons sun room at the Neighboring Premises sometime in or around 2000 by the prior owners of that property.

15. On or around February 2, 2006, Defendants Cardinal Glass and Four Seasons voluntarily initiated a formal recall through the US Consumer Product Safety Commission (CPSC) for sunrooms with glass panels containing a highly reflective glazing product – "Code 77" – covering the panels that are incorporated into and used in Four Seasons solar rooms (the "subject glass panels").

16. This recall was initiated after the Defendants became aware of an increased fire risk created by their products resulting from manufacturing and design defects described in greater detail below.

17. In particular, the subject glass panels have been found to deflect (to bow or curve) inward over time causing them to reflect sunlight in dangerous focal points on neighboring properties covered with cedar shingles or cedar shake that can cause these shingles to ignite under certain conditions (the "Recall").

18. The defective glass panels on the Neighboring Premises were "Code 77" reflective glass and were subject to the Recall.

19. Plaintiff's insured never received any actual or constructive notices or warnings of this known defect or the risk of fire hazard he faced living immediately adjacent to the Neighboring Premises containing the subject glass panels.

20. The first and second fires caused were directly and proximately caused by the defective glass panels in the Four Seasons sunroom of the Neighboring Premises that were subject to the Recall.

21. The first and second fires caused substantial damage and destruction to Kim's real and personal property at the Premises.

22. AM FAM suffered over $600,000 in damages as a direct result of the first and second fires.

23. At all relevant times, AM FAM insured Kim pursuant to the terms and conditions of a property policy (the "Policy").

24. As a result of the first and second fires and pursuant to the terms of the Policy, AM FAM reimbursed its insured, Kim, for the fair and reasonable value of his damaged property in an amount in excess of $600,000, after the application of two $1,000 policy deductibles.

25. In accordance with the common law principles of equitable and/or legal subrogation, in addition to the terms and conditions of the Policy, AM FAM is subrogated to the rights of its insured, Kim, with respect to the payments it made in compensation for the aforementioned loss.

**COUNT I**
**NEGLIGENCE**
(Against Defendant Cardinal Glass)

26. Plaintiff incorporates paragraphs 1–25 by reference as if set forth at length herein.

LEGAL\57600111\1

27. Defendant Cardinal Glass designed, manufactured, marketed, distributed, sold, and/or placed into the stream of commerce the defective "Code 77" glass panels used in the Four Seasons solar rooms that caused the first and second fires.

28. At all relevant times, Cardinal Glass owed Plaintiff's insured a duty to use reasonable care in the design, manufacturing, assembly, and sale of its glass panels, so that the glass panels were safe and free of defects.

29. Defendant Cardinal Glass breached its duties to Plaintiff's insured in one or more of the following ways:

   a. Negligently designed the subject glass panels using a highly reflective glazing material – Code 77 – meant to reflect sun without implementing adequate design safeguards or precautions;

   b. Negligently designed the subject glass panels with an insufficient air gap or capillary allowing the glass panels to expand rather than deflecting (bowing) and becoming dangerously concave and reflective;

   c. Negligently designed the subject glass panels with materials that caused the glass panels to deflect beyond normal or safe ranges that made the glass panels dangerously reflective;

   d. Failed to adequately warn Plaintiff's insured of the risk of this known dangerous and defective condition in the subject glass panels;

   e. Failed to adhere to or comply with acceptable industry design standards for the subject glass panels;

   f. Negligently manufactured the subject glass panels with materials that made them dangerously deflective over time and created an increased fire risk to neighboring property owners under certain conditions;

   g. Failed to take adequate steps to prevent the risk of fire loss to neighboring property owners after becoming aware of the hazards posed by the subject glass panels; and

   h. Was otherwise negligent in its manufacture, design and sale of the subject glass panels;

30. The subject glass panels in the Four Seasons solar room of the Neighboring Premises contained the defects described above when they left Cardinal Glass's possession and control.

31. As a direct and proximate result of Cardinal Glass's negligence, carelessness, and recklessness, the first and second fires occurred, causing substantial damage to Kim's real and personal property.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant Cardinal Glass Industries, Inc. for the damages alleged, for the costs of this action, and for such other and further relief as the Court deems just and appropriate.

## COUNT II
## NEGLIGENCE
(Against Defendant Four Seasons)

32. Plaintiff incorporates paragraphs 1–31 by reference as if set forth at length herein.

33. Four Seasons designed, manufactured, marketed, distributed, sold, and/or placed into the stream of commerce the defective sun room and subject glass panels.

34. At all relevant times, Four Seasons owed Plaintiff's insured a duty to use reasonable care in the design, manufacturing, assembly, and sale of its sun room and subject glass panels, so that these products were safe and free of defects.

35. The first and second fires and resulting damage was the result of a known design and/or manufacturing defect in the sun room and subject glass panels.

36. Defendant Four Season breached its duties to Plaintiff's insured in one or more of the following ways:

   a. Negligently designed the subject glass panels using a highly reflective glazing material – Code 77 – meant to reflect sun without implementing adequate design safeguards or precautions;

    b. Negligently designed the subject glass panels with an insufficient air gap or capillary allowing the glass panels to expand rather than deflecting (bowing) and becoming dangerously concave and reflective;

    c. Negligently designed the subject glass panels with materials that caused the glass panels to deflect beyond normal or safe ranges that made the glass panels dangerously reflective;

    d. Negligently designed its solar rooms utilizing and incorporating the subject glass panels that were dangerous and defective;

    e. Failed to adequately warn Plaintiff's insured of the risk of this known dangerous and defective condition in the subject glass panels incorporated into its solar rooms;

    f. Failed to adhere to or comply with acceptable industry design standards for the subject glass panels incorporated into its solar rooms;

    g. Negligently manufactured the subject glass panels with materials that made them dangerously deflective over time and created an increased fire risk to neighboring property owners under certain conditions;

    h. Failed to take adequate steps to prevent the risk of fire loss to neighboring property owners after becoming aware of the hazards posed by the subject glass panels; and

    i. Was otherwise negligent in its manufacture, design and sale of the subject glass panels;

37. As a direct and proximate result of Four Seasons' negligence, carelessness, and recklessness, the first and second fires occurred, causing substantial damage to Kim's real and personal property.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant Four Seasons Solar Products, LLC for the damages alleged, for the costs of this action, and for such other and further relief as the Court may deem appropriate.

**JURY DEMAND**

Plaintiff demands that this Court empanel a lawful jury to hear this case, and has tendered the requisite fee.

Dated: June 6, 2022	Respectfully submitted,

By: */s/ Matthew F Policastro*
Matthew F. Policastro (IL ARDC No. 6300568)
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Phone: (312) 382-3100
Fax: (312) 382-8910
Email: mpolicastro@cozen.com

***Attorneys for Plaintiff American Family Mutual Insurance Company, SI, a/s/o Sung Soo Kim***